PARIENTE, J.,
concurring.
A dedicated group of individuals has worked very hard in reorganizing the Standard Civil Jury Instructions for Products Liability, and I thank those Committee members. I concur with our decision to grant preliminary approval for the adoption of the majority of the proposed instructions. I further agree that in light of the legislative changes regarding crash-worthiness, Instruction 403.16 must be rejected in its present form.
I write to explain my reasons for agreeing with the majority’s rejection of proposed Instruction 403.7, Strict Liability. As to Instruction 403.7, the Committee had proposed merging the definitions of manufacturing defect and design defect. I believe that the definitions of manufacturing defect and design defect should be kept separate in order to avoid confusion.
The definition of a manufacturing defect currently contained in existing Instruction PL4 states: “A product is unreasonably dangerous because of a manufacturing defect if it was not built according to its intended design and fails to perform as safely as an ordinary consumer would expect.” This clarifies that the risk/benefit test is not a definition of an unintended manufacturing defect. Further, in the Committee’s proposed notes on use, paragraph 1, the Committee specifically explains that the “risk/benefit test does not apply in cases involving claims of manufacturing defect,” citing to Cassisi v. Maytag, 396 So.2d 1140, 1146 (Fla. 1st DCA 1981). That is a correct statement of the law.
With regard to design defect, the current Instruction PL5 states that “[a] product is unreasonably dangerous because of its design if [the product fails to perform as safely as an ordinary consumer would expect when used as intended or in a manner reasonably foreseeable by the manufacturer] [or] [the risk of danger in the design outweighs the benefits].” These alternative definitions encompass both the consumer expectations test and the risk/benefit test.
With regard to defining design defect, according to commentator Larry S. Stewart, Instruction 403.7 was the “primary focus” of a “barrage of advocacy.” I have read all the comments submitted, both those in favor and those against the proposed changes, and realize that the advocacy on both sides continues in this Court. The existing committee note to PL5 has *789 stated that the instruction defines “ ‘unreasonably dangerous’ both in terms of consumer expectations ... and in terms weighing the design risk against its utility.” It also explains that the instruction was adopted in response to this Court’s opinion in Ford Motor Co. v. Hill, 404 So.2d 1049, 1052 n. 4 (Fla.1981), which directed the Committee to improve its products liability jury instruction.
In the proposed notes on use, paragraph 3, the Committee explains that the proposed instruction “retain[ed] the consumer expectations test and the risk/benefít test for product defect,” both of which previously appeared in PL5, Design Defect. The proposed committee note specifically explained in paragraph 3 that “[pjending further development in the law, the committee takes no position on whether the risk/benefit test is a standard for product defect that should be included in instruction 403.7 or an affirmative defense under instruction 403.18.” In fact, proposed committee note 4 explains that Florida has not yet adopted provision 2(b) of the Restatement (Third) of Torts, Products Liability, which defines a design defect. In support, the proposed committee note cites to Liggett Group, Inc. v. Davis, 973 So.2d 467 (Fla. 4th DCA 2007), which recognized that this Court has only adopted the Restatement (Second) of Torts. The Fourth District subsequently certified the following specific question to this Court: “Should Florida adopt the Restatement (Third) of Torts for design defect eases?” Liggett Grp., Inc. v. Davis, 973 So.2d 684, 685 (Fla. 4th DCA 2008). We declined to answer the certified question, as pointed out in the committee note.
After the proposed committee notes were written, the Third District decided the case of Agrofollajes, S.A. v. E.I. Du Pont De Nemours & Co., 48 So.3d 976, 996 (Fla. 3d DCA 2010), in which the Third District did adopt the Restatement (Third) of Torts, Products Liability, and rejected the “consumer expectations” test as an independent basis for finding a design defect. The Third District reversed a verdict in favor of the plaintiffs in part based on a jury instruction that was patterned after current Instruction PL5. Agrofol-lajes, 48 So.3d at 996. Although a majority of this Court did not vote to accept jurisdiction in Agrofollajes, I hope that we will have the opportunity in the near future to clarify the law regarding the proper definition of design defect and whether the definition varies depending on the type of product involved. I would urge the appellate courts to bring this issue to our attention by way of a certified question of great public importance in the appropriate case.
Because this Court has not yet determined that issue and the definition of design defect is in a state of flux in Florida, I agree that the best course of action is to retain the current instructions on design defect, which have been in use since the 1980s, until this Court can reach a definitive substantive decision on this issue, including whether to adopt the Restatement (Third) of Torts regarding the definition of design defect. That decision should be made in the context of a case or controversy and not through an amendment to the jury instructions.